UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

BALEY F. ALLRED III and )
BRENDA L. ALLRED, )
)
Plaintiffs, )
)
v. ) No.:   3:15-CV-27-TAV-HBG
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION

This civil action is before the Court on the United States' Motion to Dismiss for

Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief May

Be Granted [Doc. 7].  Plaintiffs filed a response [Doc. 12] and defendant replied [Doc.

14].  Plaintiffs then filed Plaintiffs' Motion to Further Amend Complaint [Doc. 16], and

defendant responded in opposition [Doc. 18].  For the reasons set forth herein, the Court

will deny plaintiffs' motion to amend and grant defendant's motion to dismiss for lack of

subject matter jurisdiction and for failure to state a claim upon which relief may be

granted.

## I.    Background

Plaintiffs Baley F. Allred III and Brenda L. Allred, husband and wife, each owned

a fifty-percent member interest in Home Health Care of Middle Tennessee, LLC ("the

LLC") in 2009 [Doc. 1 ¶ 6].  Prior to February 9, 2007, Fred Bayne owned a fifty-percent

member interest in the LLC, with Mr. Allred owning the other fifty-percent share [*Id.* ¶

7]. Pursuant to the LLC's Operating Agreement, when one member dies or withdraws, the remaining member has the right to purchase the deceased member's interest for an amount that equals the deceased member's capital account balance [*Id.* ¶ 8]. Mr. Bayne died on February 9, 2007, at which time Mr. Allred purportedly exercised his right to purchase Mr. Bayne's member interest [*Id.*]. Thereafter, the LLC's Form 1065[1] federal income tax return for 2007 reflected that Mr. Allred possessed one hundred percent of the LLC's income [*Id.* ¶ 9]. In 2008, Mr. Allred reported all of the LLC's income on a Schedule C,[2] believing that a Form 1065 was not required because the LLC was owned by a single member [*Id.* ¶ 10].

Brenda Allred obtained her fifty-percent ownership stake in the LLC as of the end of 2008 [*Id.* ¶ 6]. Accordingly, in 2009, the LLC filed a tax return that reflected that plaintiffs each owned a fifty-percent share of the LLC, and one hundred percent of the LLC's income was accounted for between them [*Id.* ¶ 11]. Mr. Bayne's estate ("the Bayne Estate") subsequently initiated litigation in which it disputed Mr. Allred's right to

---

[1] As one court has described the Form 1065:

[T]he partnership as an organizational entity, is required to file a Form 1065 to reflect and report the same kind of information that would be called for as though it were a single individual. . . In sum, the partnership return on Form 1065 is a detailed information return which, by itself, does not involve any calculation on payment of income tax. It is the proportionate share of each partner for the various categories of item, when reported in and as part of the partner's individual return on Form 1040[,] that influences the calculation of each partner's individual income tax.

*Spector v. United States*, No. CIV. 77-2654, 1980 WL 1643, at *1 (D.N.J. June 25, 1980).

[2] A Schedule C is where a taxpayer illustrates profits or loss from his business in his tax return. *See, e.g.*, *Martarano v. C.I.R.*, No. 2960-13S, 2014 WL 5343609, at *1 (T.C. Oct. 21, 2014) (illustrating plaintiff's profits and losses from her business).

2

acquire Mr. Bayne's member interest in the LLC after Mr. Bayne deceased [*Id.* ¶ 12]. The Bayne Estate ultimately won this litigation, and now owns a fifty-percent member interest in the LLC [*Id.* ¶ 13].

While the litigation between plaintiffs and the Bayne Estate was ongoing, out of precaution, the LLC filed protective amended Form 1065 tax returns for the years 2007 through 2013, prior to the three-year statute of limitations period for those expired [*Id.* ¶¶ 14, 18]. These amended returns reflected that Mr. Allred owned a fifty-percent share of the LLC and the Bayne Estate owned the other fifty-percent share [*Id.*]. Plaintiffs allege they also filed amended tax returns for those years, which reflected that Mr. Allred only owned fifty-percent of the LLC [*Id.* ¶ 15].

In order to file these amended tax returns, each year plaintiffs and the LLC placed the amended returns in the mail "a few days before the 3 year anniversary date" for each original filing [*Id.* ¶ 22]. Joyce Fahl, one of plaintiffs' counsel's assistants, kept up with all of the due dates for filing the respective amended returns [*Id.* ¶ 24]. Carolyn Mambo, who also works for plaintiffs' counsel, was responsible for placing all outgoing mail in the United States Postal Service receptacle in counsel's office building [*Id.* ¶ 27].

Plaintiffs' amended return for 2009—the amended return at issue in this dispute— was due by October 15, 2013 [*Id.* ¶ 30]. When the deadline for filing the 2009 amended return was approaching, Ms. Fahl notified plaintiff's counsel of the need to file the amended return, and then prepared a certified mailing package and submitted it to plaintiffs' counsel for review on October 10, 2013 [*Id.* ¶¶ 24, 26]. That same day, Ms.

Mambo placed this package in the United States Postal Service's receptacle in plaintiffs' counsel's building [*Id.* ¶ 29].

After the litigation between plaintiffs and the Bayne Estate ended, the parties were unable to come to an agreement by which they would not be required to convert their protective amended tax returns into refund claims [*Id.* ¶¶ 16, 18]. Thereafter, plaintiffs submitted refund claims for the protective amended tax returns they had previously filed, in which they reported fifty-percent of the LLC's income for the years 2007 through 2013 [*Id.* ¶ 19]. The Internal Revenue Service ("IRS") accepted plaintiffs' amended tax returns for all years except for the year 2009 [*Id.*]. The Bayne Estate similarly filed amended returns for those years, in which it reported fifty-percent of the LLC's income for the years 2007 through 2013 [*Id.* ¶ 20].

Plaintiffs subsequently filed a complaint against defendant, the United States of America, seeking a judgment for the amount of taxes that they allegedly overpaid in 2009 that the IRS did not refund to plaintiffs, plus interest [Doc. 1]. Plaintiffs allege that they and the Bayne Estate collectively paid federal income taxes on 150% of the LLC's income for 2009 after the IRS rejected plaintiffs' amended return [*Id.* ¶ 5]. In the alternative, plaintiffs seek a credit against future tax liabilities in the amount of their overpaid taxes for 2009, under the doctrine of equitable recoupment [*Id.* ¶ 31].

Defendant has filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, alleging that the Court lacks subject matter jurisdiction over this dispute because plaintiffs initiated this litigation after the statute of limitations for their

4

2009 tax return had already expired [Doc. 7]. It further submits that the doctrine of equitable recoupment cannot provide the Court with subject matter jurisdiction, as it cannot be the sole basis for the Court's jurisdiction [Doc. 8 p. 6]. Defendant also filed a motion to dismiss plaintiffs' claim for failure to state a claim upon which relief may be granted, as defendant alleges that the mitigation provisions at 26 U.S.C. §§ 1311–14 are inapplicable to this dispute, and therefore do not extend the limitations period within which plaintiffs were required to file suit [*Id.* p. 7].

Plaintiffs responded in opposition to defendant's motion [Doc. 12], and defendant replied [Doc. 14]. Plaintiffs then filed a motion to further amend their complaint [Doc. 16]. In their motion, plaintiffs disclose that they have learned that the Bayne Estate's amended tax return for 2009 was also rejected by the IRS [Doc. 19 p. 6]. Accordingly, plaintiffs have paid taxes on one hundred percent of the LLC's income for 2009, while the Bayne Estate has not paid taxes for any of the LLC's income for that year. Defendant filed a response in opposition to plaintiffs' motion to amend [Doc. 18].

## II.    Motion to Amend Complaint

Plaintiffs move the Court for an order permitting them to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) [Doc. 16]. Defendant replied in opposition [Doc. 18]. As granting a motion to dismiss before addressing a pending motion to amend can be an abuse of discretion, *Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991), the Court turns to that motion first.

5

A party may amend its pleading once as a matter of course within twenty-one days of serving it, or the earlier of twenty-one days of a defendant filing a responsive pleading or serving a motion under Rule 12 (b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, leave of Court is required for any amendment.

"The court should freely give leave when justice so requires." *Id.* Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Plaintiffs wish to amend their complaint in order to add the Bayne Estate, through its personal representative Mitzi Bayne Ruth, as a defendant [Doc. 17]. Plaintiffs also seek to add what plaintiffs have numbered as paragraphs thirty-six through forty-one to their complaint [*Id.*]. In these proposed paragraphs, plaintiffs describe how, pursuant to a

6

written settlement agreement with the Bayne Estate, plaintiffs and the Bayne Estate agreed to file amended tax returns for the years 2007 until the date of the settlement agreement, in which both would report half of the LLC's taxable income [*Id.* ¶¶ 36, 37]. Subsequent to filing their complaint in this dispute, plaintiffs learned that the IRS had rejected the Bayne Estate's amended return for the year 2009 [*Id.* ¶ 37].

In their proposed amended complaint, plaintiffs submit that they should receive credit under the settlement agreement for the taxes and accrued interest that would have otherwise been paid to the IRS by the Bayne Estate, but for its amended tax return being rejected [*Id.* ¶ 38]. Plaintiffs note that they "continue to believe" that the IRS should accept the Bayne Estate's amended tax return for 2009, and refund the plaintiffs for the amount that they overpaid in 2009, when they reported one hundred percent of the LLC's income [*Id.* ¶ 39].

To the extent plaintiffs are asking the Court to order the IRS to accept the Bayne Estate's amended tax return for 2009 or to grant them a tax credit, plaintiffs have not pointed to any authority that would permit the Court to grant this relief, and the Court is not aware of any. As this proposed amendment to plaintiffs' complaint would not survive a motion to dismiss, the Court finds the proposed amendment to be futile. Accordingly, the Court denies plaintiffs' request as to this proposed amendment.

Plaintiffs also seek, in the alternative, a judgment against the Bayne Estate in an amount equal to the taxes tendered by the Bayne Estate to the IRS—which were later rejected by the IRS—plus interest [*Id.* ¶ 41]. Giving plaintiff all benefits and reasonable

7

inferences, the Court construes plaintiffs' request as alleging a cause of action for breach of contract against the Bayne Estate. To establish a breach of contract, plaintiffs must show: "(1) the existence of an enforceable contract, (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breached contract." *Daly v. Wacker-Chemie AG*, No. 1:13-cv-382, 2014 WL 3810595, at *11 (E.D. Tenn. Aug. 1, 2014) (internal quotation marks omitted) (quoting *Nw. Tenn. Motorsports Park, LLC v. Tenn. Asphalt Co.*, 410 S.W.3d 810, 816–17 (Tenn. Ct. App. 2011)).

In plaintiffs' memorandum in support of their motion to amend the Complaint, they note that, pursuant to their agreement with the Bayne Estate, plaintiffs and the Bayne Estate agreed to file amended tax returns for the years 2007 through 2013 [Docs. 19 p. 3; 19-1 p. 2]. Plaintiffs allege the Bayne Estate did not perform under the agreement because it did not reimburse plaintiffs. But, that is not a term of the parties' contract. The Court notes that the agreement, a portion of which was filed as an exhibit to plaintiffs' memorandum, calls for the Bayne estate to "timely prepare and file" amended tax returns for the relevant years [Doc. 19 p. 2]. The agreement does not, however, require the Bayne Estate to pay any amount to plaintiffs should those returns be rejected by the IRS. Plaintiff concedes the Bayne Estate did file the returns, which fulfilled its obligation [Doc. 19 p. 6].

The Court finds that plaintiffs have not alleged how the Bayne Estate did not perform the contract and thus their claim against the Bayne Estate would not survive a motion to dismiss. As plaintiffs' proposed amendment to their complaint does not

establish each of the elements of a cause of action for breach of contract, this proposed amendment would not survive a motion for dismiss and, as a result, it is futile. Plaintiffs' proposed amendment is hereby denied.

## III. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant has filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction [Doc. 7]. In this motion, defendant submits that the Court lacks subject matter jurisdiction over this dispute because plaintiffs filed their amended tax return for 2009 after the statute of limitations for filing amended returns for that year had expired [Doc. 7]. Defendant also argues that the doctrine of equitable recoupment does not provide the Court with subject matter jurisdiction because it cannot be the sole basis for the Court's jurisdiction [Doc. 8 p. 6].

Plaintiffs concede that they have filed this suit after the statute of limitations for their claim had expired, and that the doctrine of equitable recoupment cannot be the Court's sole basis for jurisdiction [Doc. 12 p. 2]. Plaintiffs argue, however, that the mitigation provisions of 26 U.S.C. §§ 1311–14 are applicable to this case, and accordingly, they are another basis for the Court's jurisdiction over this matter [*Id.*].

### A. Standard

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, subject matter jurisdiction is a threshold issue, which the Court must consider prior to reaching the merits of a case.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see* Fed. R. Civ. P. 12(h)(3) (stating "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Unlike a motion to dismiss on the merits under Rule 12(b)(6), "where subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (internal quotation marks omitted)).

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Ritchie*, 15 F.3d at 598. In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)).

"A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* In considering whether jurisdiction has been proved as a matter of fact, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted). "[N]o presumptive

10

truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598 (internal citation omitted).

Here, defendant challenges the Court's subject matter jurisdiction over this proceeding by relying on the statute of limitations of plaintiffs' claim. As this goes to the factual existence of the Court's subject matter jurisdiction, defendant's challenge is a factual attack.

## B. Statute of Limitations

Defendant makes a factual attack to the Court's subject matter jurisdiction over this matter because plaintiffs allegedly filed their amended tax returns after the statute of limitations for filing such returns had expired [Doc. 8 pp. 2–6]. Pursuant to the doctrine of sovereign immunity, the United States—the defendant in this matter—is immune from suit except for when it consents to be sued, and the terms of that consent are what define a court's jurisdiction to hear that suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). One of those terms of consent includes a statute of limitations that requires suits be brought against the government within a certain time period. *Id.* (citing *United States v. Mottaz*, 476 U.S. 834, 841 (1986)).

Pursuant to Internal Revenue Code ("IRC") § 6511(a), a taxpayer seeking a credit or refund of an overpayment must file his or her claim within three years from the time the return was filed, or within two years from the time the tax was paid, whichever

11

expires later.   26 U.S.C. § 6511(a).   Filing a timely refund claim with the IRS is a jurisdictional prerequisite for any lawsuit against the United States that seeks a tax refund.  26 U.S.C. § 7422(a); *Ill. Lumber & Material Dealers Ass'n Health Ins. Trust v. United States*, 794 F.3d 907, 909 (8th Cir. 2015) (hereinafter "*Illinois Lumber*") (citing *Chernin v. United States*, 149 F.3d 805, 813 (8th Cir. 1998)).

As the Sixth Circuit has cautioned, "a taxpayer who sends a document to the IRS by regular mail, . . . does so at his peril." *Carroll v. C.I.R.*, 71 F.3d 1228, 1229 (6th Cir. 1995).  Unlike many other circuits, the Sixth Circuit does not follow the common law mailbox rule that invokes a non-statutory presumption of delivery. *Id.* at 1233.  Rather, to determine whether a claim was timely filed, the Sixth Circuit provides that the only exceptions to the physical delivery rule are those set out in the IRC at § 7502.  The IRC provides that the date of a postmark stamped on the envelope in which the claim is mailed is to be deemed the delivery date of that claim.  26 U.S.C. § 7502(a)(1); *Carroll*, 71 F.3d at 1232 n.2.  If sent by certified mail, the date of the postmark on the sender's receipt, if the sender receives one, is treated as the postmark date.  26 C.F.R. § 301.7502-1(c)(2).

In the instant dispute, plaintiffs filed their original tax return for 2009 on October 15, 2010 [Doc. 1 ¶ 30].  Under the statute of limitations, the due date for any amendments to those taxes was October 15, 2013 [*Id.*].  Plaintiffs allege that they filed their amended return for 2009 on October 10, 2013, via certified mail, as they had Ms. Mambo deposit the claim in the United States Postal Service's receptacle in plaintiffs' counsel's office

building on that date [*Id.* ¶ 29]. The IRS claims it did not receive the amended claim until October 23, 2013—after the due date [Docs. 1 ¶ 30; 1-1]. Having submitted their claim without requesting a sender's receipt for certified mail, plaintiffs did so at their own "peril." *Carroll*, 71 F.3d at 1229 (6th Cir. 1995). And, while plaintiffs claim they can prove that they filed the claim prior to the October 15, 2013, due date [Doc. 1 ¶ 29], plaintiffs cannot submit extrinsic evidence to prove this, which they acknowledge [Doc. 12 p. 2]. *See, e.g.*, *Stocker v. United States*, 705 F.3d 225, 234 (6th Cir. 2013) (agreeing with the district court's determination that extrinsic evidence has "no role to play" in determining whether plaintiff could satisfy the requirements of 26 U.S.C. § 7502).

As plaintiffs are unable to demonstrate that their claim arrived by the statutorily-defined due date for such claims, plaintiffs' claim should be dismissed, unless they can demonstrate another means for granting the Court jurisdiction to hear this claim.

## C. Equitable Recoupment

Plaintiffs state that, even if they cannot prove that their claim arrived prior to the statute of limitations expiring, the Court may still exercise subject matter jurisdiction over this claim under the doctrine of equitable recoupment [Doc. 1 ¶ 31].

Under the doctrine of equitable recoupment, "a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction." *United States v. Dalm*, 494 U.S. 596, 608 (1990). However, the Supreme Court has stated that it has not allowed equitable recoupment to be the sole basis for a court's jurisdiction. *Id.* It

13

noted that this conclusion is "reinforced" by the fact that Congress has enacted a set of exceptions to the limitations period in 26 U.S.C. § 6511(a), codified at 26 U.S.C. §§ 1311–14 (hereinafter "mitigation provisions"), which is intended to permit taxpayers to seek a tax refund that otherwise would be barred by § 6511(a). *Dalm*, 494 U.S. 610.

Plaintiffs do not dispute that equitable recoupment may not be the Court's sole basis for jurisdiction in this matter [Doc. 12 p. 12]. Plaintiffs maintain, however, that equitable recoupment should be applicable in this case because it is not the sole basis for the Court's jurisdiction in this matter, as plaintiffs allege that they can satisfy the mitigation provisions [*Id.*]. Defendant disputes plaintiffs' ability to satisfy the mitigation provisions, and has filed a motion to dismiss for failure to state a claim under 26 U.S.C. §§ 1311–14 [Docs. 8 p. 7, 14 pp. 2–7], which the Court will consider next.

As analyzed below, the Court finds that plaintiff cannot satisfy the mitigation provisions of 26 U.S.C. §§ 1311–14. Accordingly, as the doctrine of equitable recoupment cannot be the Court's sole basis for jurisdiction over this matter, plaintiffs' claim against the United States is hereby dismissed for lack of subject matter jurisdiction.

## IV. Motion to Dismiss for Failure to State a Claim

As part of defendant's motion to dismiss for lack of subject matter jurisdiction, defendant also filed a motion to dismiss for failure to state a claim upon which relief may be granted [Doc. 7]. In this motion, defendant submits that plaintiffs' claim should fail because the mitigation provisions of 26 U.S.C. §§ 1311–14 are inapplicable to this dispute, and therefore do not extend the limitations period within which plaintiffs were

14

required to file suit [Doc. 8 p. 7]. Plaintiffs responded in opposition, alleging that the mitigation provisions do apply [Doc. 12], and defendant replied in opposition [Doc. 14].

### A.    Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In doing so, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476

(6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## B. Analysis

As the statute of limitations can sometimes result in "severe inequities" with respect to federal income tax, Congress enacted mitigation provisions in order to remedy situations in which "an unfair benefit would have been obtained by [either the taxpayer or the IRS] assuming an inconsistent position and then taking shelter behind the protective barrier of the statute of limitations." *Illinois Lumber*, 794 F.3d at 909 (citing S. Rep. No. 75-1567, at 49–50 (1938)). They serve to extend the statute of limitations for up to one year from the date on which a final determination was made. *Beaudry Motor Co. v. United States*, 98 F.3d 1167, 1168 (9th Cir. 1996) (citations omitted). These mitigation provisions, codified at 26 U.S.C. §§ 1311–14, are admittedly complex, and have "spawned conflicting judicial interpretations that are hard to reconcile." *Id.* (citing Note, *Sections 1311–15 of the Internal Revenue Code: Some Problems in Administration*, 72 Harv. L. Rev. 1536, 1539 (1959)).

In order for plaintiffs' claim to survive, despite it otherwise being barred by 26 U.S.C. § 6511(a): (1) there must be a "determination" of erroneous tax treatment, as

defined in § 1313(a); (2) the error must fall within one of the circumstances described in § 1312; and (3) the determination must be inconsistent with a determination that was made in another prior year, as defined in § 1311(b).  26 U.S.C. §§ 1311–14; *Illinois Lumber*, 794 F.3d at 909.

A determination of erroneous tax treatment includes "a final disposition by the Secretary of a claim for refund."  26 U.S.C. § 1313(a)(3).  A claim for refund is deemed to be a final disposition "as to items with respect to which the claim was disallowed, in whole or in part[.]"  26 U.S.C. § 1313(a)(3)(B).  In the instant dispute, plaintiffs received a notification from the IRS denying their claim for a tax refund, thus satisfying the first prong of the mitigation provisions analysis [Doc. 1 ¶ 19].

The Court must next consider whether the erroneous tax treatment qualifies as one of the circumstances described in § 1312.  Plaintiffs allege that they satisfy this prong of the analysis because their erroneous tax treatment falls into § 1312(1).  An erroneous tax treatment qualifies under this section when the IRS's final determination "requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a related taxpayer."  26 U.S.C. § 1312(1).  "Related taxpayer," as defined in § 1313(c), includes a taxpayer who is a partner to the taxpayer for whom the determination was made.  26 U.S.C. § 1313(c)(6).  Put differently, the final determination "requires the double inclusion of an item of gross income in the sense that double taxes on the same item of gross income

were paid to the IRS and remain in their possession." *Cocchiara v. United States*, 779 F.2d 1108, 1113 (5th Cir. 1986).

Plaintiffs allege that their erroneous tax treatment for 2009 requires they include one hundred percent of the LLC's income in their gross income, rather than only fifty-percent of the income, which would accurately reflect their member interest in the LLC [Doc. 12 p. 10]. They submit that, as plaintiff's partner in the LLC, the Bayne Estate is a related taxpayer for purposes of § 1313 [*Id.* pp. 10–11]. Plaintiffs state that the Bayne Estate has also filed an amended tax return for 2009 that reports fifty-percent of the LLC's income, and as a result, plaintiffs and the Bayne Estate have now reported and paid taxes on 150% of the LLC's income [*Id.*]. They state that the IRS's determination now requires plaintiffs to erroneously include an item in gross income that was also included in the income of a related taxpayer, the Bayne Estate [*Id.*].

Plaintiffs, however, have subsequently informed the Court that, while the Bayne Estate filed an amended tax return for the year 2009, the IRS rejected this amendment due to the statute of limitations [Doc. 19 p. 6]. As the Bayne Estate has not had to include fifty-percent of the LLC's income as part of its tax return for 2009, there has not been a double inclusion of an item of gross income, as defined by § 1312(1). Rather, plaintiffs have included one hundred percent of the LLC's income for 2009, and the Bayne Estate has included nothing. Accordingly, plaintiffs cannot satisfy the second prong of the mitigation provisions.

Even if the Court were to find that plaintiffs satisfied the second prong of the mitigation provisions inquiry, plaintiffs cannot satisfy the third requirement, which looks to whether the determination is inconsistent with a determination that was made in another prior year, as defined in § 1311(b).

Under § 1311(b), if the error would result in an adjustment that would be credited or refunded to the claimants as an overpayment, then: (1) the Secretary or IRS must have maintained a position that is inconsistent with the challenged erroneous inclusion; or (2) for determinations described in §§ 1312(3)(B) and 1312(4), correcting the error must not have been barred at the time plaintiffs first maintained their position. 26 U.S.C. § 1311(b); *Illinois Lumber*, 794 F.3d at 909. For § 1311(b)(2) to apply, the determination must have resulted in the double exclusion of an item of gross income, or in the double disallowance of a deduction or credit, neither of which are applicable in the instant suit. 26 U.S.C. §§ 1312(3)(B), 1312(4). Accordingly, plaintiffs can satisfy this prong of the Court's inquiry only if they are able to prove that the IRS maintained a position that is inconsistent with the plaintiffs' erroneous inclusion of an item in gross income.

Plaintiffs are unable to satisfy this prong of the Court's inquiry. When plaintiffs filed their original 2009 tax return in which they paid tax on one hundred percent of the LLC's income, the IRS accepted that return [Doc. 1 ¶ 11]. Plaintiffs now allege that they erred by accounting for one hundred percent of the LLC's income, and rather should only have included fifty-percent of its income on their tax statement [*Id.* ¶ 18]. Plaintiffs thereafter attempted to amend their 2009 tax filing, and the Bayne Estate similarly

19

attempted to amend its 2009 tax filing, so that plaintiffs and the Bayne Estate each included fifty-percent of the LLC's income as part of their income for 2009 [*Id.* ¶¶ 18–20]. The IRS rejected each of these amended filings [*Id.* ¶ 19; Doc. 19 p. 6].

The Court finds that the IRS has not maintained an inconsistent position with respect to plaintiffs' claim. The IRS accepted plaintiffs' original tax filing in 2009, which accounted for one hundred percent of the LLC's income. The IRS now rejects plaintiffs' attempt to not pay taxes on one hundred percent of that income, and it similarly rejects the Bayne Estate's attempt to now account for fifty percent of the LLC's income from 2009. The IRS has thus maintained a consistent position—that plaintiffs are to pay taxes on one hundred precent of the LLC's income from 2009, and the Bayne Estate should not pay taxes on any of the LLC's income from that year. In sum, plaintiffs are unable to state a claim under § 1311, which would enable the mitigation provisions to apply and extend the statute of limitations in this case.

## V. Conclusion

For these reasons, plaintiffs' motion to further amend the complaint [Doc. 16] is **DENIED**. As plaintiffs are unable to state a claim under 26 U.S.C. § 1311, defendant's motion to dismiss for failure to state a claim upon which relief may be granted [Doc. 7] is hereby **GRANTED**. The Court's sole basis for jurisdiction over this matter would therefore be under the doctrine of equitable recoupment. As this doctrine cannot be the Court's sole basis for jurisdiction, defendant's motion to dismiss for lack of subject

matter jurisdiction [Doc. 7] is hereby **GRANTED**.  The Court **DISMISSES** plaintiffs'

claim against defendant.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE